EAST BATON ROUGE PARISH
Filed Mar 10, 2021 3:21 PM
Deputy Clerk of Court
E-File Received Mar 10, 2021 3:09 PM

C-705540
23

| | |
|---|---|
| RICKY W. DYKES | DOCKET NO.:   SECTION: |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| LYFT, INC., AND TRAVELERS INSURANCE COMPANY (UNINSURED/UNDERINSURED) | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT comes Plaintiff, RICKY W. DYKES, domiciled in Livingston Parish, who respectfully represents:

1.

Made Defendants herein are:

A. **LYFT, INC.**, a foreign business authorized to do business in Louisiana, which can be served through their agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816; and

B. **TRAVELERS INSURANCE COMPANY,** a foreign insurance company authorized to do and doing business in the State of Louisiana, which has appointed the Louisiana Secretary of State as its agent for service of process and can be served at 8585 Archives Ave., Baton Rouge, La 70809.

2.

On or about March 28, 2020, Plaintiff, RICKY W. DYKES, the owner and operator of a 2019 Ford Explorer, was travelling eastbound on Djuanna Road, near its intersection with Mickens Road, with two (2) Lyft, Inc. Passengers, in East Baton Rouge Parish, Louisiana within the territorial jurisdiction of this Court.

3.

On or about March 28, 2020, an unknown person was operating a 2001 Chevrolet Tahoe, bearing VIN # 1GNEC13T41R109073, owned by Jason A. Davis, was travelling eastbound on Djuanna Road, behind Plaintiff, RICKY W. DYKES, in East Baton Rouge Parish, Louisiana within the territorial jurisdiction of this Court.

4.

Suddenly and without warning, the 2001 Chevrolet Tahoe, operated by an unknown person, and owned by Jason A. Davis, travelled into the rear of the 2019 Ford Explorer, owned and operated by Plaintiff, RICKY W. DYKES, thereby causing the collision and resulting in injuries to RICKY W DYKES.

EXHIBIT 1


Certified True and Correct Copy
CertID: 2021031200181

*Myrtle Rosette*

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 9:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

5.

Subsequent to the collision described herein above, the 2001 Chevrolet Tahoe, operated by an unknown person, and owned by Jason A. Davis continued past the 2019 Ford Explorer, owned and operated by Plaintiff, RICKY W. DYKES, and into a ditch adjacent to Mickens Road.

6.

It was discovered that there was no person in the 2001 Chevrolet Tahoe, owned by Jason A. Davis, once the vehicle came to rest in the ditch.

7.

During this entire occurrence, RICKY W. DYKES operated the 2019 Ford Explorer safely and with skill. In no way did Plaintiff, RICKY W. DYKES, cause or contribute to the collision or his injuries or damages.

8.

The collision described above was caused solely and proximately by the gross and flagrant recklessness, carelessness, negligence, and fault of the unknown driver in the following, non-exclusive, particulars to-wit;

    A.    In failing to keep a proper look out;

    B.    In failing to use reasonable care to keep the distance between the two vehicles;

    C.    In failing to keep the 2001 Chevrolet Tahoe vehicle under proper control;

    D.    In following too closely;

    E.    In following more closely than is reasonable and prudent;

    F.    In operating the 2001 Chevrolet Tahoe at an unsafe speed under the circumstances;

    G.    In failing to have any regard for the speed of vehicles ahead and traffic upon and the condition of the roadway;

    H.    In failing to yield and/or stop;

    I.    In traveling into the rear of the vehicle operated by Plaintiff, RICKY W. DYKES;

    J.    In failing to maintain control of the 2001 Chevrolet Tahoe vehicle;

    K.    In failing to see what he should have seen and if having seen, in failing to heed;

    L.    In violating the traffic laws of the Parish of East Baton Rouge and/or the State of Louisiana; and



*Myrikla Rosette*

East Baton Rouge Parish
Deputy Clerk of Court

Certified True and Correct Copy
CertID: 2021031200181

Generated Date:
3/12/2021 9:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

M.  Any and all other acts and omissions to be proven through discovery or at the trial of this matter, all of which were in contravention of the exercise of due care and procedure.

9.

Plaintiff is informed, believes, and therefore alleges that at the time of the accident, the owner of the 2001 Chevrolet Tahoe, Jason A. Davis, had a policy of motor vehicle liability insurance with PROGRESSIVE PALOVERDE INSURANCE COMPANY insuring against the negligent acts of named insured and permissive users/drivers, under the laws of the State of Louisiana, which policy was in full force and effect at the time of the accident and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:1269.

10.

Plaintiff alleges on information and belief that at the time of the collision described above, the 2001 Chevrolet Tahoe, owned by Jason A. Davis and operated by an unknown person, was covered by an automobile liability insurance policy which had been sold and delivered by PROGRESSIVE PALOVERDE INSURANCE COMPANY, and was then in full force and effect by virtue of the premium payments and otherwise.

11.

Plaintiff further alleges on information and belief that under the terms of the said policy, PROGRESSIVE PALOVERDE INSURANCE COMPANY obligated itself to pay any and all damages caused to others as a result of the negligence of its named insured and any permissive users/drivers, in the operation of the 2001 Chevrolet Tahoe, and the 2001 Chevrolet Tahoe being driven by an unknown person, described above, was covered by said policy at the time of said collision.

12.

Prior to the filing of the instant Petition for Damages, PROGRESSIVE PALOVERDE INSURANCE COMPANY denied coverage, in writing, for the 2001 Chevrolet Tahoe, operated by an unknown person and owned by Jason A. Davis, because the 2001 Chevrolet Tahoe had been stolen at the time of the subject collision.

13.

Plaintiff alleges, on information and belief, that at the time of the subject collision, the 2019 Ford Explorer, owned and operated by Plaintiff, RICKY W. DYKES, was covered by an


Certified True and Correct Copy
CertID: 2021031200181

*Myrikle Rosette*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 9:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

uninsured/underinsured policy which had been sold and delivered by SAFECO INSURANCE COMPANY OF OREGON (uninsured/underinsured), which policy was then in full force and effect by virtue of the payment of premiums and otherwise.

14.

Plaintiff further alleges on information and belief that under the terms of said policy, SAFECO INSURANCE COMPANY OF OREGON (uninsured/underinsured) obligated itself to pay any and all damages as a result of uninsured/underinsured insurance coverage of said policy to Plaintiff, RICKY W. DYKES, who was covered by said policy at the time of said collision.

15.

Plaintiff alleges, on information and belief, that at the time of the subject accident, RICKY W. DYKES was covered by and had a policy of uninsured/underinsured automobile insurance with SAFECO INSURANCE COMPANY OF OREGON (uninsured/underinsured), which, under the laws of the State of Louisiana, was in full force and effect at the time of the accident, and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:1269.

16.

Prior to the filing of the instant Petition for Damages, SAFECO INSURANCE COMPANY OF OREGON (uninsured/underinsured) denied coverage, in writing, for the 2019 Ford Explorer, owned and operated by Plaintiff, RICKY W. DYKES, because at the time of the subject collision, Plaintiff, RICKY W. DYKES, was working for Defendant, LYFT, INC. and therefore Defendant, LYFT INC. would provide coverage.

17.

Plaintiff alleges, on information and belief, that at the time of the subject collision, the 2019 Ford Explorer, owned and operated by Plaintiff, RICKY W. DYKES, was covered by an uninsured/underinsured policy which had been sold and delivered to Defendant, LYFT INC., by TRAVELERS INSURANCE COMPANY (uninsured/underinsured), which policy was then in full force and effect by virtue of the payment of premiums and otherwise.

18.

Plaintiff further alleges, on information and belief, that under the terms of said policy, TRAVELERS INSURANCE COMPANY (uninsured/underinsured) obligated itself to pay any


Certified True and Correct Copy
CertID: 2021031200181

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 9:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

and all damages as a result of uninsured/underinsured insurance coverage of said policy to Plaintiff, RICKY W. DYKES, who was covered by said policy at the time of the subject collision.

19.

Plaintiff alleges, on information and belief, that at the time of the subject accident, Plaintiff, RICKY W. DYKES, was covered by and had a policy of uninsured/underinsured automobile insurance with TRAVELERS INSURANCE COMPANY (uninsured/underinsured), issued to Defendant, LYFT INC., which, under the laws of the State of Louisiana, was in full force and effect at the time of the subject accident, and which insurance inures to the benefit of Plaintiff under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:1269.

20.

Defendants, LYFT, INC. and TRAVELERS INSURANCE COMPANY (uninsured/underinsured) are therefore liable *in solido* unto the Plaintiff in said collision for his injuries and damages, which are itemized and set out hereafter.

21.

As a result of the combined fault, negligence, and/or strict liability of the unknown driver, in causing the aforementioned accident, Plaintiff, RICKY W. DYKES, suffered severe injuries including, but not limited to the following:

A. Neck;

B. Back;

C. Both Shoulders; and

D. Any and all other injuries to be shown upon trial of this matter.

22.

As a result of the accident sued upon herein, Plaintiff, RICKY W. DYKES, suffered the following damages:

A. Physical pain and suffering – past, present, and future;

B. Mental pain, anguish, and distress – past, present, and future;

C. Medical expenses – past, present, and future;

D. Lost wages - past, present, and future;

E. Physical disability and limitation of activities, hobby and endeavor;

F. Loss of enjoyment of life – past, present, and future; and

G. Any and all other damages which shall be proven at trial of this matter.


Certified True and Correct Copy
CertID: 2021031200181

*Myrtle Rosette*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 9:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

23.

Pursuant to the provisions of the Louisiana Code of Civil Procedure article 1423, *et seq.*, Plaintiff is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring LYFT, INC. for the claims made by Plaintiff herein. Plaintiff herein requests a certified copy of any and all such policies of insurance within thirty (30) days of service of the petition upon them.

24.

The Plaintiff herein, RICKY W. DYKES, is therefore entitled to damages for the items set forth above in such amounts as are reasonable in the premises.

WHEREFORE PLAINTIFFS PRAY:

1. That certified copies of this petition, together with citation, be issued and served according to the law on the Defendants:

    A.  **LYFT, INC.**, a foreign business authorized to do business in Louisiana, which can be served through their agent for service of process, C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816; and

    B.  **TRAVELERS INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana, which has appointed the Louisiana Secretary of State as its agent for service of process and can be served at 8585 Archives Ave., Baton Rouge, La 70809;

2. After the lapse of all legal delays and proceedings had, there be a judgment against LYFT, INC. and TRAVELERS INSURANCE COMPANY *in solido* and in favor of RICKY W. DYKES, in such amounts as are reasonable in the premises;

3. For all necessary orders and decrees as may be required or proper for full, general and equitable relief; and

THIS SPACE INTENTIONALLY LEFT BLANK


Certified True and Correct Copy
CertID: 2021031200181

*Myrikle Rosette*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
3/12/2021 9:04 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

4. For legal interest from date of judicial demand on all amounts awarded, and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:
MURPHY LAW FIRM

BRIAN L. McCULLOUGH (#31256)
PEYTON P. MURPHY (#22125)
TROY D. MORAIN (#19070)
JAMES E. MOORE, JR. (#21758)
RENEE H. PENNINGTON (#35954)
2354 South Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone: (225) 928-8800
Facsimile: (225) 928-8802
Email: Peyton@murphylawfirm.com
Email: Brian@murphylawfirm.com
Email: Troy@murphlawfirm.com
Email: Jim@murphylawfirm.com
Email: Renee@murphylawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE DEFENDANTS:**

LYFT, INC.
Through Its Agent for Service of Process
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

AND

TRAVELERS INSURANCE COMPANY
Through Its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La 70809

Certified True and Correct Copy
CertID: 2021031200181
Myrtle Rosette
East Baton Rouge Parish
Deputy Clerk of Court
Generated Date: 3/12/2021 9:04 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).