# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| RICKY W. DYKES | CIVIL ACTION |
|---|---|
| VERSUS | NO. 21-241-SDD-RLB |
| LYFT, INC., ET AL. | |

## ORDER

This matter is before the Court *sua sponte*.

On March 10, 2021, Ricky Dykes ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, against Lyft, Inc. ("Lyft") and Travelers Insurance Company. (R. Doc. 1-1). Plaintiff amended the Petition to substitute Indian Harbor Insurance Company ("Indian Harbor") in place of Travelers Insurance Company as a defendant. (R. Doc. 6-1 at 10-11).

In the Petition, Plaintiff alleges that he was injured when an unknown driver struck his vehicle while he was transporting two Lyft passengers. (R. Doc. 1-1). Plaintiff alleges that as a result of the collision, he suffered "severe injuries," including to his neck, back, and both shoulders. (R. Doc. 1-1 at 5). Plaintiff further alleges that he suffered past, present, and future physical pain and suffering, mental pain, anguish, and distress; past, present, and future medical expenses and lost wages; and past, present, and future physical disability, limitation of activities, hobby, and endeavor, and loss of enjoyment of life. (R. Doc. 1-1 at 5).

Lyft removed the action, alleging that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Lyft asserted that Travelers Insurance Company was improperly named and should have been named Travelers Indemnity Company. (R. Doc. 1 at 2). Lyft did not identify the citizenship of Indian Harbor. With respect to the amount in controversy requirement for diversity jurisdiction, Lyft asserted that "it is facially

apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs." (R. Doc. 1 at 4).

After removal, Plaintiff voluntarily dismissed his claims against Lyft and Travelers Insurance Company. (R. Docs. 8, 9). Accordingly, Indian Harbor is the sole remaining defendant.

Having reviewed the record, the Court will require the remaining parties to submit briefing with respect to the Court's exercise of subject matter jurisdiction over this action. To the extent the parties argue that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332, they must identify (1) the citizenship of Indian Harbor and (2) the basis for a finding that the amount in controversy requirement is satisfied.

The citizenship of a corporation such as Indian Harbor is determined by its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). The citizenship of Indian Harbor, which was named a defendant prior to removal, does not appear in the record. Accordingly, the Court cannot determine whether there was complete diversity between the parties at the time of removal.

In addition, it is unclear whether <u>at the time of removal</u> the amount in controversy exceeded $75,000.00, exclusive of interest and costs, on the basis that the amount in controversy requirement is facially apparent. Plaintiff does not provide any specifics regarding the severity of his alleged injuries, including whether they involved nerve damage, herniated discs, bone fractures, or resulted in any surgery. Plaintiff seeks recovery for broad categories of damages typically alleged in personal injury actions, including emotional distress, lost wages, loss of enjoyment of life, and medical expenses. There is nothing before the court to quantify any damages that may be part of these categories.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Based on the foregoing,

**IT IS ORDERED** that Indian Harbor shall file a memorandum concerning subject matter jurisdiction on or before **July 12, 2021**, and that Plaintiff shall file a memorandum concerning the same on or before **July 26, 2021**.

Signed in Baton Rouge, Louisiana, on June 28, 2021.

 _____
 **RICHARD L. BOURGEOIS, JR.**
 **UNITED STATES MAGISTRATE JUDGE**