**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **RICKY W. DYKES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-241-SDD-RLB** |
| **LYFT, INC., ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 29, 2021.

                                                    _____
                                                    **RICHARD L. BOURGEOIS, JR.**
                                                    **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY W. DYKES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-241-SDD-RLB** |
| **LYFT, INC., ET AL.** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court *sua sponte* on the issue of whether the Court can properly exercise diversity jurisdiction over this removed action. Having considered the briefing submitted by the parties, and the applicable law, the Court finds that an exercise of diversity jurisdiction under 28 U.S.C. § 1332 is improper because the amount in controversy requirement is not satisfied.

**I.     Background**

On March 10, 2021, Ricky Dykes ("Plaintiff") filed a Petition for Damages in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, against Lyft, Inc. ("Lyft") and Travelers Insurance Company. (R. Doc. 1-1). Plaintiff amended the Petition to substitute Indian Harbor Insurance Company ("Indian Harbor") in place of Travelers Insurance Company as a defendant. (R. Doc. 6-1 at 10-11).

In the Petition, Plaintiff alleges that he was injured when an unknown driver struck his vehicle while he was transporting two Lyft passengers. (R. Doc. 1-1). Plaintiff alleges that as a result of the collision, he suffered "severe injuries," including to his neck, back, and both shoulders. (R. Doc. 1-1 at 5). Plaintiff further alleges that he suffered past, present, and future physical pain and suffering, mental pain, anguish, and distress; past, present, and future medical

1

expenses and lost wages; and past, present, and future physical disability, limitation of activities, hobby, and endeavor, and loss of enjoyment of life. (R. Doc. 1-1 at 5).

Lyft removed the action, alleging that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Lyft asserted that Travelers Insurance Company was improperly named and should have been named Travelers Indemnity Company. (R. Doc. 1 at 2). Lyft did not identify the citizenship of Indian Harbor. With respect to the amount in controversy requirement for diversity jurisdiction, Lyft asserted that "it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs." (R. Doc. 1 at 4).

After removal, Plaintiff voluntarily dismissed his claims against Lyft and Travelers Insurance Company. (R. Docs. 8, 9). Accordingly, Indian Harbor is the sole remaining defendant.

The Court issued an order requiring the remaining parties to submit briefing with respect to the Court's exercise of subject matter jurisdiction over this action. (R. Doc. 12). In particular, to the extent the parties argue that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332, they must identify (1) the citizenship of Indian Harbor and (2) the basis for a finding that the amount in controversy requirement is satisfied.

## II.  Arguments of the Parties

Indian Harbor filed a Memorandum in Support of Subject Matter Jurisdiction arguing that the Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 13). First, Indian Harbor represents that there is no dispute that there is complete diversity between the parties because it is a citizen of Delaware and Connecticut, and the Plaintiff is a citizen of Louisiana. (R. Doc. 13 at 3). Second, Indian Harbor argues that the amount in controversy

requirement is facially apparent, and that medical records (not submitted with the filing) indicate that Plaintiff "recently underwent a cervical epidural steroid injection" and his treating physician's suggestion that "a cervical spine fusion could be considered" support a finding that the amount in controversy requirement was satisfied at the time of removal. (R. Doc. 13 at 3-5). Finally, Indian Harbor notes that "Plaintiff has not contested removal at any time." (R. Doc. 13 at 5).

Plaintiff filed a Subject Matter Jurisdiction Memorandum arguing that Indian Harbor has not established that the Court can property exercise diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 14). Plaintiff agrees with Indian Harbor that there is no dispute that there is complete diversity between the parties. (R. Doc. 14 at 3). Plaintiff argues, however, that Indian Harbor has not established that the amount in controversy is facially apparent or otherwise demonstrated, through the submission of summary-judgment type evidence, that the amount in controversy required was satisfied at the time of removal. (R. Doc. 14 at 3-5).

### III. Law and Analysis

#### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)

3

("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, and are required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The removal statute,

4

28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

### B.  Analysis

Indian Harbor asserts that this Court can properly exercise diversity jurisdiction under 28 U.S.C. § 1441. Based on the record and the representations in the briefing, there is no dispute that there is complete diversity of citizenship between Plaintiff and Indian Harbor, and that there was complete diversity between Plaintiff and the dismissed defendants (Lyft and Travelers Insurance Company) at the time of removal. Accordingly, the only issue before the Court is whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved.

Plaintiff seeks recovery for alleged personal injuries incurred in an automobile accident. As stated above, Plaintiff alleges that as a result of the collision, he suffered "severe injuries," including to his neck, back, and both shoulders, and that he has suffered past, present, and future physical pain and suffering, mental pain, anguish, distress, medical expenses and lost wages, physical disability, limitation of activities, hobby, and endeavor, and loss of enjoyment of life. (R. Doc. 1-1 at 5).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without

5

any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

      The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Plaintiff does not allege the specific nature of his physical injuries or the treatment sought or received. Plaintiff's vague allegation that he sustained injuries to his "neck, back, and both shoulders" indicates little more than potential soft tissue damage. There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. Plaintiff does not allege that he suffered nerve damage, herniated discs, or that his injuries resulted in any surgery. Plaintiff does not identify any incurred medical and drug expenses or the scope of the medical treatment he has received or continues to receive as a result of the incident. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court

to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Plaintiff's failure to include any allegations regarding the amount in controversy to support federal jurisdiction is not dispositive. *See Weber v. Stevenson*, No. 07-595, 2007 WL 4441261 (M.D. La. Dec. 14, 2007) ("[T]he plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy. There is so little information in the petition upon which to estimate the actual amount in controversy, a finding that the failure to include the "893" allegation resulted in the satisfaction of the jurisdictional minimum would be tantamount to finding that subject matter jurisdiction may obtain from a procedural omission, which is unsupportable."). Similarly, that Plaintiff did not include in the Petition a binding stipulation that she would not seek to enforce a judgment exceeding $75,000 is insufficient, without more, to support a finding that the amount in controversy is facially apparent. *See Lowe v. State Farm Fire & Cas. Co.*, No. 07-7454, 2008 WL 906311 (E.D. La. Apr. 2, 2008) ("Plaintiffs' failure to [submit a pre-removal binding stipulation] does not relieve the removing party of its burden to establish that the jurisdictional minimum is satisfied. In this case [the defendant] has not met its burden.").

The Petition also does not allege that Plaintiff is seeking a jury trial. This suggests that Plaintiff believes her claims to be less than $50,000, which is the threshold for a right to a jury trial in Louisiana. *See* La. C.C.P. Art. 1732. Even if Plaintiff had requested a jury, given the vague injuries and categorical damages alleged in the Petition, the court would give little weight to that request in establishing the amount in controversy. *See Brown v. Richard*, No. 00-cv-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in

7

determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement).

In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon*, 193 F.3d at 850. Accordingly, the Court will consider whether Indian Harbor has set forth facts in controversy that support a finding of the jurisdictional minimum. The Court finds that Indian Harbor has not met its burden of establishing the amount in controversy requirement is satisfied.

Indian Harbor (which is represented by the same counsel who represented the removing defendant Lyft, Inc.) does not submit any evidence, or rely on any specific judicial decisions, in support of a finding that Plaintiff's injuries support a finding that the amount in controversy requirement was satisfied at the time of removal. In its brief, Indian Harbor devotes two sentences to support a finding that evidence outside of the pleadings supports a finding that the amount in controversy is satisfied:

> At this early stage in litigation, the parties have not exchanged responses to discovery; however, Plaintiff's initial disclosures disclose two current treating physicians and treating chiropractor. Moreover, Plaintiff's medical records supplied to undersigned counsel by Plaintiff's counsel following removal to this Court show that Plaintiff recently underwent a cervical epidural steroid injection and that Dr. Kelly J. Scrantz has indicated that if the injection does not help, a cervical spine fusion could be considered.

(R. Doc. 13 at 4). At most, these two sentences demonstrate that defense counsel had no information with respect to Plaintiff's injuries (other than those alleged in the Petition) at the time of removal.

Given that Indian Harbor does not submit any evidence with respect to Plaintiff's treatment or incurred medical expenses, it is unclear when Plaintiff received a cervical epidural

8

steroid injection. The briefing, submitted approximately two weeks ago and months after removal, indicates that the injection was received "recently." Indian Harbor also does not specify whether Plaintiff's cervical injuries involve sprains, bulges, herniations, or ruptures. The two sentences submitted by Indian Harbor with respect to Plaintiff's treatment are insufficient to establish, by a preponderance of the evidence, that the amount in controversy requirement was satisfied at the time of removal.

There is no shortage of decisions in this district discussing whether the amount in controversy requirement is satisfied in light of alleged spinal injuries. *See*, *e.g.*, *Simmons v. Moehrs*, No. 20-819-SDD-EWD, 2021 WL 76964, (M.D. La. Jan. 8, 2021) (requiring briefing on whether the amount in controversy requirement is satisfied even where the Notice of Removal alleged that the plaintiff had incurred $22,825.00 in medical expenses prior to removal and was accompanied by medical records demonstrating that the plaintiff was initially diagnosed with a sprain of ligaments of the cervical and thoracic spine, cervical disc disorder with radiculopathy in the mid-cervical region, tension headaches, and muscle spasm; a cervical MRI revealed small disc bulges and a herniation at C3-4; and the plaintiff had underwent approximately nine months of therapeutic treatment, including one round of bilateral occipital nerve blocks and two rounds of cervical epidural steroid injections); *Cole v. Mesilla Valley Transportation*, No. 16-841-SDD-RLB, 2017 WL 1682561, at *4 (M.D. La. Mar. 15, 2017), *report and recommendation adopted*, 2017 WL 1684515 (M.D. La. May 1, 2017) (remanding action for lack of diversity jurisdiction where the record indicated that the plaintiff had suffered various disc bulges in the lumbar region and had been recommended an epidural steroid injection to relief his pain).

Several recent federal court decisions have held that the removing defendant did not meet its burden of providing the amount in controversy where the plaintiff suffered disc bulging or

9

herniation without operation, and incurred less than $15,000 in medical expenses at the time of removal. *See Barrow v. James River Ins. Co.*, No. 16-15967, 2017 WL 656725 (E.D. La. Feb. 15, 2017) (amount in controversy not satisfied where plaintiff incurred $4,600 in medical expenses at time of removal, and received physical therapy and an epidural steroid injection to treat disc herniations at L3-4, L4-5 and L5-S1); *McCain v. Winn-Dixie Montgomery, LLC*, No. 16-1546, 2016 WL 2908418 (E.D. La. May 19, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $6,384 in medical expenses at time of removal, and medical records indicated annual cervical bulges at C4-5, C5-6, and C6-7; exacerbation of several preexisting lumbar disc herniations; and other injuries to wrist and hip); *Robichaux v. Wal-Mart Stores, Inc.*, No. 16-1786, 2016 WL 1178670 (E.D. La. Mar. 28, 2016) (amount in controversy not satisfied where slip-and-fall plaintiff incurred $7,555 in medical expenses at time of removal, and MRI demonstrated that the plaintiff had a "mild bilateral facet arthropathy at L3-4, bilateral facet arthropathy and a circumferential broad based posterior disc bulge with resultant mild central canal stenosis and biltateral foraminal narrowing at L4-5, and mild bilateral facet arthropathy at L5-S1"); *Powell v. Cadieu*, No. 15-4839, 2016 WL 1042351 (E.D. La. Mar. 16, 2016) (amount in controversy not satisfied where plaintiff incurred $1,948 in medical expenses at time of removal, and MRI tests indicated plaintiff had "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5"); *Arnold v. Lowe's Home Centers, Inc.*, No. 10-4454, 2011 WL 976512 (E.D. La. Mar. 16, 2011) (amount in controversy not satisfied where slip-and-fall plaintiff incurred approximately $12,000 in medical expenses at time of removal, and suffered a herniated disc at C3-4 for which epidural steroid injections were prescribed); *cf. Thibodeaux v. GEICO Advantage Ins. Co.*, No. 16-158, 2016 WL 4055660 (M.D. La. July 8, 2016) (denying remand where "defendants correctly

pointed out that the medical bills show consistent treatment with charges in excess of $45,000" and "[t]he medical records provided by the defendants similarly show that [the Plaintiff] had preexisting injuries in his neck and back that were aggravated by the . . . accident.").

Here, Indian Harbor has not submitted any evidence to support a finding that the amount in controversy requirement was satisfied at the time of removal. At most, Indian Harbor has asserted in its briefing that Plaintiff has had a cervical epidural steroid injection and may potentially receive a recommendation for a cervical spine fusion if the injection is insufficient to alleviate Plaintiff's pain. These assertions are insufficient to support a finding that the jurisdictional amount is met.

### IV.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Court find that it lacks diversity jurisdiction over this action, and that the action is **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Signed in Baton Rouge, Louisiana, on July 29, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**